IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID OWENS,<br><br>        Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendant. | **8:19CV71**<br><br>**PROGRESSION ORDER** |

      IT IS ORDERED that the progression order is as follows:

1)     A telephonic conference to discuss the status of case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **September 9, 2020** at **9:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. The parties shall be prepared to discuss any reason why the court should set aside the settlement conference setting and in lieu thereof, set this matter for trial.

2)     Absent a later court order vacating the settlement conference setting, a half-day settlement conference will be held on **October 8, 2020** at **9:00 a.m.**, in the Special Proceedings Courtroom, Omaha, Nebraska.

3)     The deadline for serving initial mandatory disclosures under Rule 26(a)(1) is July 10, 2019.

4)     The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is September 4, 2020. Motions to compel discovery under Rules 33, 34, and 36 must be filed by September 18, 2020.
**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

5)     The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

| | For the plaintiff(s): | May 5, 2020. |
| | For the defendant(s): | July 8, 2020. |

NOTE: While treating medical and mental health care providers are generally not considered "specially retained experts," their opinions arising from the care and treatment of the plaintiff must nonetheless be separately disclosed as required under Fed. R. Civ. P. 26(a)(2)(C). Moreover, disclosure of mental or medical provider opinions not formed for the purpose of providing care and treatment of the illness or disease at issue in this litigation (e.g. whether medical billings were fair and reasonable, the proximate cause of the disease or injury, etc.) must disclosed as required under Fed. R. Civ. P. 26(a)(2)(B).

6) The deposition deadline is September 4, 2020. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

7) The parties agree that in each case the maximum number of interrogatories, including subparts, that may be served by any party on any other party is 100.

8) The deadline for filing motions to dismiss and motions for summary judgment is October 23, 2020.

9) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is October 23, 2020.

10) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 29th day of May, 2019.

                                              BY THE COURT:

                                              *s/ Cheryl R. Zwart*
                                              United States Magistrate Judge